## STATE OF WISCONSIN vs. JOYCE.

To make the use of land for a road by the public *adverse* as to the party who holds the paper title, some act must be done showing a claim of right, such as working the road, attaching it to a road district, or some other act of the proper authorities recognizing it as a highway.

Until some such act is done, the twenty years in which by the common law the public may acquire title by adverse use, do not begin to run.

The only effect of sec. 85, ch. 19, R. S., is to reduce said period of twenty years to *ten* years.

APPEAL from the Circuit Court for *Rock* County.

This was a prosecution under sec. 101, ch. 19, R. S., against *Milton Joyce* and another, for obstructing a highway, commenced in justice's court, where a judgment was rendered against the defendants ; and taken by appeal to the circuit court, where the judgment was affirmed as against said *Milton Joyce*, and re·versed as to his co-defendant, the judge having found that the latter did not take any part in obstructing said highway.   *Milton Joyce* appealed.

*Conger & Hawes*, to the point, that in order to establish such an adverse use as the statute requires, some open and notorious assertion of a right to the land as highway must be shown, such as laying out work upon it, putting it into some of the road districts of the town &c., cited 7 U. S. Dig., p. 484, secs. 45, 46 ; 12 id., p. 594, secs. 60, 61 ; 14 id., p. 589, secs. 86, 87 ; 20 id., p. 955, secs. 4–7, 22, 23 ; 2 Pick., 466, 60 and note ; 18 id., 312 ; *Emerson v. Wiley*, 7 Pick., 70 ; *Kilburn v. Adams*, 7 Met., 33 ; *Jennings v. Tisbury*, 5 Gray, 74 ; *Morse v. Stocker*, 1 Allen, 154 ; *Durgin v. Lowell*, 3 id., 398 ; 18 Conn., 321 ; *State v. Bradley*, 40 Me., 154 ; 4 Foster, 440 ; *State v. Nudd*, 3 id., 327 ; *Hyde v. Jamaica*, 27 Vt., 443 ; 20 Wend., 116 ; *Hamilton v. White*, 4 Barb., 60 ; *Same Case*, 1 Seld., 9 ; *Miller v. Garlock*, 8 id., 153 ; *Wiggins v. Tallmadge*, 11 id., 457 ; *Jordan v. Otis*, 37 id., 50 ; 2 Seld., 264 ; 2 Wis., 153, 194 ; 3 id., 714 ; *Lemon v. Hayden*, 13 id., 159 ; 1 Burrill's Law Dic., 78, " Adverse Possession ;" 1 Bouvier's Law Dic., 87.

*Bennett, Cassoday & Gibbs*, for respondent, cited *Wyman v. The State*, 13 Wis., 663 ; *Tomlinson v. Wallace*, 16 id., 224 ; *Call v. Hagger*, 8 Mass., 429 ; *Holyoke v. Haskins*, 5 Pick., 26 ; *Smith v. Morrison*, 22 id., 431 ; *Jackson v. Lamphire*, 3 Peters, 289 ; Sedgwick on Stat. and Con. Law, 659.

*By the Court*, DOWNER, J.   This is an action for obstructing

an alleged highway running from Shopiere in the county of Rock to Clinton Corners over the defendant's land, and over what was, until just before the commencement of this action, an unenclosed prairie. The evidence is, that the road had been ravelled over for fifteen years, but has never been worked or repaired by the overseer of highways, nor has any act been done by him or by the town or any officer having charge of or anything to do with highways, showing that it was claimed or recognized by such town or officer or officers as a highway, until after it was fenced up by the defendant, just before the commencement of this action. It was not even attached to any road district. The question presented is, whether a mere travelling over such a road or track for ten years is such a *user* as is required by sec. 85, ch. 19, R. S., to make it a public highway. If it is, then it would follow that the town through which such a road runs might be liable for damages occasioned by the road being out of repair when neither the town nor any of its officers had done any act accepting or recognizing it as a highway. Independent of the statute there must be twenty years adverse *user* before it would become a highway; and to make the *user* adverse there must be some acts done showing a claim of right, such as working the road, repairing it, attaching it to a road district, or some act recognizing it by the proper authorities as a highway. Not till the doing of some such act or acts, or the assertion of such claim, would the twenty years begin to run. The presumption up to that time is that the public use is permissive, and not adverse. This the authorities cited by the appellant clearly show. The only effect of the statute as to unrecorded roads is to shorten the time to ten years. There being no evidence sufficient to prove an adverse *user*, the judgement of the court below must be reversed.

Judgment reversed, and the circuit court is directed to reverse the judgment of the justice.