BLUTE and others vs. SCRIBNER and another.

*Highways by adverse user.*

Under section 80, chapter 16, R. S. 1849 (sec. 85, ch. 19, R. S. 1858), where, for ten years since the enactment of that statute, work has been done and money expended on a road under the direction of the overseers of highways, this is a sufficient adverse public user to establish it as a highway, without proof that the action of the overseers was known to and approved by the town supervisors.

ERROR to the Circuit Court for *Fond du Lac* County. Trespass *quare clausum*, for the removal of a fence. Answer, highway. The case is stated in the opinion. The action below was brought by *Scribner and another* against *Blute and others.* Verdict and judgment against the defendants below, and they bring this suit to reverse the judgment.

*E. S. Bragg*, for plaintiffs in error.

*Gillett & Pier*, for defendants in error.

COLE, J. The question in controversy in this case was, whether the *locus in quo* was a public highway. On the part of the defense it appeared, that the pathmaster had permitted some of the defendants to work out their road tax upon the road at various times, extending back more than ten years before the alleged trespass in removing the fence. The court instructed the jury, in view of this evidence, that "the action of the pathmaster in allowing the defendants to work a part of their taxes on this road, unless such permission was known to and approved of by the supervisors of the town, is not such an assertion on the part of the town authorities to adopt this road as a public highway, as would make its use thereafter adverse to the plaintiffs, and would ripen such adverse use into a complete right for the public, if continued for ten years or more without interference." This instruction was excepted to,

and on the part of the defendants the court was requested to charge, that "if the road in controversy has been used by the public as a highway for more than ten years next preceding the commission of the alleged trespass, and public moneys have been expended thereon during all that time by the overseers of highways of the town, then the road became a highway by use, the same as though laid out and recorded." This instruction the court refused.

We think the court erred in the instruction which it gave, and, as a matter of course, in refusing to give the opposite proposition. The statute provides (chap. 16, sec. 80, R. S. 1849; chap. 19, sec. 85, R. S. 1858) "that all public highways now in use, heretofore laid out and established pursuant to law, and all roads not recorded which have been used as public highways twenty years or more, and all roads not recorded which shall hereafter be used ten years or more, shall be deemed public highways." In the case of *The State v. Joyce*, 19 Wis. 90, we had occasion to consider this provision. Mr. Justice DOWNER there says : " To make the user adverse under this statute, there must be some acts done showing a claim of right, such as making the road, repairing it, attaching it to a road district, or some act recognizing it by the proper authorities as a highway. Not till the doing of some such act or acts, or the assertion of such claim, would the twenty years begin to run." Now, even within the strict doctrine there laid down, it is clear that the user had been adverse in this case for more than ten years ; for the overseers of highways are the proper persons, under the statute, to cause the highway tax to be collected and expended. Chap. 16, secs. 24 and 29, R. S. 1849. They give notice to all persons assessed to pay highway taxes, of the time when and the place where they may appear and pay their highway taxes in labor. Sec. 30. Their action in this matter should bind the town, since it is directly within the scope of their duty and authority to see to the working out of the highway tax; and where work is done

or moneys are expended upon a road under the direction of the overseer, it is an unequivocal act by the proper authorities recognizing the road as a public highway.

Besides, in the case of *Hanson v. Taylor*, unreported, it was held that the broad doctrine laid down by Justice DOWNER in *The State v. Joyce*, to the effect that the user did not become adverse until some work was done upon the road, must be qualified. The user may become adverse by other acts of the public upon the highway, as well as by labor performed or money expended under the direction of the public authorities.

DIXON, C. J., dissents as to the point stated in the last paragraph.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.