## SCRIBNER and another VS. BLUTE and others.

*Highway by user.*

Where there is a *continuous line* of road, used as such by a portion of the public, if work has been done thereon, under the direction of the proper town authorities, from time to time for more than ten years— although not upon that portion of the road constituting the premises in dispute, nor even in the particular road district where those premises are situate—this shows a public use of the road (including said premises), and constitutes the same a public highway, under the statute.

APPEAL from the Circuit Court for *Fond du Lac* County.

Trespass *quare clausum;* answer, highway. The facts are stated in the opinion of Mr. Justice LYON, which also recites the second and third instructions asked by the defendants and refused by the court. The fourth and fifth instructions so asked and refused (referred to in the opinion of DIXON, C. J.) were as follows:

4. " To constitute a highway by use does not require that the track should always be precisely the same: immaterial deviations, not going outside the proper and usual width of a road, will not destroy a road by use [provided the requirements for creating such a road as laid down in the second instruction asked, have been complied with.] " 5. " A road originally designed for a wood road or a private road, may become a public highway as well as any other; provided the evidence shows that the public used and traveled it as a highway, [and recognized it by laying out work upon it as stated in the second instruction asked], for ten years or more." The court subsequently gave these two instructions with the words in brackets omitted.

Verdict for the plaintiffs; new trial denied; and defendants appealed from a judgment on the verdict.

*Edward S. Bragg*, for appellants.

*J. M. Gillet*, for respondents.

Scribner and another vs. Blute and others.

LYON, J.  This is an action of trespass *quare clausum fregit ;* and the question to be determined is, whether the *locus in quo* is a public highway.

The evidence tends to show that the place where the alleged trespass was committed is within a line of road which had been used by the public as a highway for at least thirteen years, and that at intervals during all that time highway taxes had been worked out upon it under the direction of the proper town authorities, wherever work was needed ; but that no work was done, and none was needed, at that particular point or on the lands of the plaintiffs crossed by the road.   The evidence tends to show, however, that the road was worked up to the plaintiffs' land.  The plaintiffs erected a fence across this line of road on their own lands, and the defendants removed it ; which is the alleged cause of action.

The plaintiffs obtained judgment ; and the defendants have appealed therefrom.

The case has been here before, and the counsel for the plaintiffs, wearied with the litigation, invokes us to make our decision now so clear and decisive that it will close the contest, to the end that the parties "may have peace."

Remembering that it was said of old by One who spoke with authority,  "*Blessed are the peace-makers,*" we will earnestly endeavor to comply with the desire of the counsel.

The law which controls this case is contained in sec. 85, ch. 19, R. S., and is as follows :  " Roads not recorded which shall have been used as public highways twenty years or more, and roads not recorded which shall hereafter be used ten years or more, shall be deemed public highways."

At the request of the plaintiffs the court gave the following instruction to the jury, and the defendants duly excepted thereto :  " The expenditure of highway labor upon the alleged highway would not give any public right adverse to the plaintiffs, unless made in the road district where the plaintiffs' .ands are situated, and upon the plaintiffs' land."  We think

that there is error in this instruction. We know of no rule of law to the effect that a person across whose lands there is a line of unrecorded road, can successfully claim that such road is not a public highway by user, under the provisions of the statute, merely because the town authorities have not caused the road to be worked on his land, or in the road district in which his land is situated. The road in dispute is one continuous line, and the expenditure of highway taxes under the direction of the proper town authorities upon any part of it, is evidence of the public character of the user of the whole line. Were the question here one of *dedication*, and not of *user*, the rule might be different. But it is not a question of dedication.

It appeared on the trial that the road in controversy had been used by some persons as a road for more than ten years, but it was denied by the plaintiffs that this was anything more than a mere private user. Whether such user was a public or a mere private user, was the principal question litigated at the trial. The fact being that the road had been so used by a portion of the public for more than ten years, if the evidence showed that from time to time, during all that period, the proper town authorities expended road taxes upon it by working the same where work was needed, such evidence proves that the user was public, and the road became by means of such public user a public highway.

The evidence tended to show that work had been done upon the road, under the direction of the proper town authorities, from time to time for more than ten years, although not upon the lands of the plaintiffs, and perhaps not in the road district in which their lands are situated. We have seen that if such evidence proved the facts which it tended to prove, it demonstrated that the user of the road was a public user, and that the road is a public highway. But the instructions which the court gave the jury practically excluded that evidence from their consideration, and left the defendants to struggle as best they could, after being deprived of their best and strongest ground of de-

fense, against the assumption of the plaintiffs that the user of the road was merely a private user. It is not surprising that their struggle was unsuccessful.

It may be observed that the question involved in this case is not one of *adverse* or *permissive* user, but it is whether the user was *public* or *private*.

We think, also, that the court should have given the second and third instructions asked by counsel for the defendants, and which the court refused to give. If there is any error in them, it is because they state the law too favorably for the plaintiffs. Those instructions were as follows:

" 2d. If the jury find from the evidence that the place where the alleged trespass was committed had been used uninterruptedly, more than ten years prior to the commission of the alleged trespass, by the public as a highway, and road-work had been laid out thereon during such time, by the overseer of highways or under his direction, and the trespasses alleged were the removing of obstructions therefrom, such uses and acts make it a highway, and you must find for the defendants."

" 3d. To constitute a highway by use, it is not necessary that road-work should be laid out on each particular portion of the road, or on each land-owner's lot. It is enough if the road as a whole is used and occupied for travel by the public, and work is done and taxes laid out upon the road generally, as evidencing a recognition of the existence of a highway, and a claim to it as such by the public authorities. Such use and recognition for ten years prior to the alleged trespasses affords a justification for them, provided the acts complained of were the removing of obstructions from the roadway of such highway."

. The judgment of the circuit court must be reversed, and a *venire de novo* awarded.

DIXON, C. J. The judgment in this case must be reversed for the refusal of the court to give the second and third instructions requested by the defendants. Those requests were correct

within the doctrine of *State of Wisconsin v. Joyce*, 19 Wis., 90, and for which I unsuccessfully contended in *Hanson v. Taylor*, 23 Wis., 554, and of course were unobjectionable according to the decision of the majority of the court in the latter case. It was error to refuse them, and also not to grant the fourth and fifth requests without the change or modification made by the court. It is not the doctrine of *State of Wisconsin v. Joyce*, nor that for which I contend, that every part of the road must be worked under the direction of the public authorities, or any part of it, even, where work is not necessary for the convenience or safety of travel, in order to constitute an adverse user. The language of the *Joyce Case* is, that " there must be some acts done showing a claim of right, such as working the road, repairing it, attaching it to a road district, or some act recognizing it by the proper authorities as a highway." Whenever any of these or other similar acts, notoriously evincing a claim or assertion of right on the part of the proper public authorities, are shown, an adverse user exists, and the statute begins to run. Working or repairing, where necessary, the road of which the premises in dispute are a part, on either or both sides of the premises though not at or upon them, by or under the direction of the proper officers, would be a plain assertion of right to the whole road, and constitute an adverse user as to the whole. And so the attaching of the road to a road district, without the doing of any work or repairing where they are not needed, might constitute such assertion and user.

That the doing of work by or under the direction of overseers of highways is sufficient evidence of a claim of right on the part of the public authorities to make the user adverse, was decided in this same case when it was before this court on a former occasion upon a writ of error. *Blute vs. Scribner*, 23 Wis., 357.

*By the Court.* — Judgment reversed, and *venire de novo* awarded.