Hart vs. The Town of Red Cedar.

HART, Respondent, vs. THE TOWN OF RED CEDAR, Appellant.

*September 2 — September 22, 1885.*

HIGHWAYS: SPECIAL VERDICT: PRACTICE: NEGLIGENCE. *(1) " Road."*
*(2) User. (3) Change in line of travel. (4) Immaterial errors.*
*(5) Defect: Contributory negligence: Court and jury. (6) Form*
*of special verdict: Instructions.*

1. The court directed the jury to answer affirmatively a question as to whether the plaintiff had been injured while driving on *a road* in the defendant town, and submitted a question as to whether such road had become a public highway by user. *Held,* that the term " road " was not used in the sense of highway, and in directing the answer to the first question the court did not adjudge the road to be a highway.

2. Under sec. 80, ch. 16, R. S. 1849 (1 Tay. Stats. 500, § 99), a road became a public highway by continued and uninterrupted use for ten years.

3. Encroachments upon a road or changes in the line of travel at other and distant points, do not prevent the road from becoming a public highway by user at points where the line of travel has remained substantially unchanged.

4. A finding (supported by the evidence) that a road was a public highway by user, renders immaterial the errors predicated of a further finding that the town was estopped to deny the existence of such highway.

5. A ditch or washout in the originally-traveled track of a highway had diverted travel to each side thereof, but no barriers had been erected. Plaintiff, though familiar with the road, while driving

Hart vs. The Town of Red Cedar.

on a dark night, mistook his location and in attempting to pass to one side ran into the ditch and was injured. *Held*, upon the evidence, that the highway was defective and that the question of contributory negligence was properly submitted to the jury.

6. The court instructed the jury that any want of ordinary care on the part of the plaintiff, however slight, would defeat a recovery, and submitted the question whether at the time of the accident he was using ordinary care. *Held*, that it was not error to refuse to submit further questions as to whether he was guilty of a slight want of ordinary care and, if so, whether such slight want of ordinary care contributed to the injury.

APPEAL from the Circuit Court for Dunn County.

Action to recover damages for personal injuries alleged to have been received by the plaintiff, by reason of the defective and unsafe condition of a public highway in the defendant town. The jury returned a special verdict, which was as follows: " (1) Did the plaintiff, on the 20th day of July, 1881, while driving from Menomonee to his home in Spring Brook, over a road in defendant town, receive injuries to his person by being thrown from his wagon? Yes. [The court directed this answer.] (2) Was the road upon which the plaintiff was traveling when he received the injury a public highway of the defendant town at the time of such injury, by reason of the same having been used and worked for ten years prior to November 1, 1878? Yes. (3) Had the authorities of the defendant town, prior to the said 20th day of July, treated the road in question as a public highway, and indicated by their acts an intention to so regard it; and had the said road been, prior to and up to the time of the accident, used by the public generally as a public highway with the knowledge and consent of the authorities of the defendant town? Yes. (4) If you answer 'yes' to either of the last two interrogatories, then did such accident occur by reason of a defective and insufficient condition of such highway? Yes. (5) Was the plaintiff at the time of the accident using ordinary care in passing

along such road? Yes. (6) What damage did the plaintiff suffer by reason of, and as a result of, the accident? $1,800."

Certain objections to the questions submitted to the jury were interposed on behalf of the defendant; also motions for a nonsuit and for a new trial were made and denied. The circuit court rendered judgment for the plaintiff for the damages assessed by the jury. The defendant appeals from the judgment. The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Hunt & Freeman*, and oral argument by *Mr. Freeman*. They contended, *inter alia*, that it was error to. deny the motion for a nonsuit, and the motion for a new trial. The evidence showed a failure of the plaintiff to take precautions to avoid a danger which he knew to be imminent and great. To drive in the dark without thinking of danger is not ordinary care. *Prideaux v. Mineral Point*, 43 Wis. 525. Much less is it ordinary care to drive in the dark, knowing of the danger at hand, and taking no precautions to avoid it. *Pool v. C., M. & St. P. R. Co.* 53 Wis. 657; *Hoth v. Peters*, 55 id. 405; *Nicks v. Marshall*, 24 id. 139; *Otis v. Janesville*, 47 id. 422; *Bruker v. Covington*, 69 Ind. 33; *Cuthbert v. Appleton*, 24 Wis. 383; *Wheeler v. Westport*, 30 id. 392. The plaintiff must be deemed to have taken the risks of such voluntary and incautious advance in the dark upon a known danger, and the defendant ought not to be held in damages for his injury. *Langhoff v. M. & P. du C. R. Co.* 23 Wis. 43; *Lockwood v. C. & N. W. R. Co.* 55 id. 50; *Belton v. Baxter*, 54 N. Y. 245; *Burr v. Plymouth*, 48 Conn. 471; *Mehan v. S. B. & N. Y. R. Co.* 73 N. Y. 585; *Erie v. Magill*, 101 Pa. St. 616; *Schaefler v. Sandusky*, 33 Ohio St. 246; *Coates v. B., C. R. & W. R. Co.* 62 Iowa, 486; *Tuffree v. State Center*, 57 id. 538; *Downey v. Hendrie*, 46 Mich. 498; *Goldstein v. C., M. & St. P. R. Co.* 46 Wis. 404. The fact that, during the period in which it is claimed that the road was so used

as to create a prescriptive right, permanent obstructions, a school-house, a church, a ditch, and a number of fences, were placed across the road and have been suffered to remain, diverting the traveled track many rods, is inconsistent with the idea of a public highway, and negatives any adverse holding of it as such by the public. *Hanson v. Taylor*, 23 Wis. 547; *Jones v. Davis*, 35 id. 376; *Tupper v. Huson*, 46 id. 646; *State v. Preston*, 34 id. 675.

For the respondent there was a brief by *Robert Macauley* and *E. B. Manwaring*, and oral argument by *Mr. Macauley*. They argued, among other things, that it is not negligence to travel in the dark. Wharton on Neg. sec. 402. In the following cases the accident happened while traveling in the dark, and the question of negligence was held to be for the jury: *Wheeler v. Westport*, 30 Wis. 392; *Perkins v. Fond du Lac*, 34 id. 435; *Bly v. Haverhill*, 110 Mass. 520; *George v. Haverhill*, id. 506; *Barton v. Springfield*, id. 131; *Weare v. Fitchburgh*, id. 334; *Stevens v. Boxford*, 10 Allen, 25; *Fox v. Sackett*, id. 535; *Reed v. Deerfield*, 8 id. 522; 2 Thomp. on Neg. 1198–9, secs. 43, 44. Neither was the plaintiff obliged to go another road. *Erie City v. Schwingle*, 22 Pa. St. 387; *Whitford v. Southbridge*, 119 Mass. 564. Knowledge of the defect and being familiar with the road, will not impose upon the traveler the duty to use more than ordinary care in avoiding it; it is, like everything else that enters into the question of negligence, to go the jury. *Kavanaugh v. Janesville*, 24 Wis. 618; *Kelly v. Fond du Lac*, 31 id. 179; *Perkins v. Fond du Lac*, 34 id. 435; *Kenworthy v. Ironton*, 41 id. 647; *Mahoney v. Met. R. Co.* 104 Mass. 73; *Whitford v. Southbridge*, 119 id. 564; *Snow v. Provincetown*, 120 id. 580; *Whittaker v. West Boylston*, 97 id. 273; *George v. Haverhill*, 110 id. 506; *Coats v. Canaan*, 51 Vt. 131; Shearm. & Redf. on Neg. sec. 414; *Evans v. Utica*, 69 N. Y. 166; *Horton v. Ipswich*, 12 Cush. 488; *Lyman v. Amherst*, 107 Mass. 339; *Bateman v. Ruth*, 3 Daly,

378.   Miscalculation as to one's proximity to the dangerous part of the highway will not establish want of ordinary care.   *Blood v. Tyngsborough*, 103 Mass. 509; 30 Wis. 415. Plaintiff's mistake or miscalculation was such as any ordinary person might be liable to make.   *Pollard v. Woburn*, 104 Mass. 84.

LYON, J.   1. The jury have found the existence of every fact essential to the plaintiff's right to recover.   Hence, if the verdict is upheld, and no error outside the verdict has intervened, the judgment cannot be disturbed.   The verdict covers all material and controverted issues of fact made by the pleadings, and we think the various questions submitted to the jury are quite unobjectionable in form.   A criticism is made upon the use of the term "road" in the first question.   It is claimed that the term is the equivalent of "public highway," and that by directing an affirmative answer to the question the court adjudged that the *locus in quo* was a public highway, which was one of the principal points in controversy.   We think this position is not well taken.   The term "road" is not there used in any such sense, but only as denoting a traveled place or track, without regard to the nature of the user, or to the question of any right thereto in the public.   This is obvious from the second question, which is whether such "road" is or is not a public highway. No intelligent juror could have been misled by the use of the term in the first question.

2. The alleged highway was never laid out by any competent authority, and there is no proof of any dedication thereof to the public use.   If it is a public highway it is so because of the facts found in the answers of the jury to the second and third questions submitted to them.   In answer to the second question, the jury find that the place of injury was a public highway by user.   That is to say that it had been used and worked as such for ten years prior to

November 1, 1878. The statute in force from 1849 to that date provided that "roads not recorded, which shall hereafter be used ten years or more, shall be deemed public highways." R. S. 1849, ch. 16, sec. 80; Tay. Stats. 500, sec. 99.

It was decided in *Hanson v. Taylor*, 23 Wis. 547 (qualifying the language of the opinion in *State v. Joyce*, 19 Wis. 91), that under this statute the continued and uninterrupted use of lands as a highway for ten years must, in the absence of proof to the contrary, be presumed to have been under claim of right, and creates a prescriptive right in favor of the public, without proof of any act of the town authorities recognizing the same as a public highway. The rule laid down in *Hanson v. Taylor* has not been shaken, but has been applied in subsequent cases. See *Blute v. Scribner*, 23 Wis. 357; *S. C.* 28 Wis. 148; *Buchanan v. Curtis*, 25 Wis. 99.

The above statute was repealed by the Revised Statutes, and in sec. 1294 it is enacted that "roads not recorded, which shall have been or shall be used *and worked* as public highways ten years or more, shall be deemed public highways." Doubtless the date, November 1, 1878, is specified in the second question because the present Revised Statutes took effect at that date. The proof is uncontradicted that the road at the place where the plaintiff was injured continued to be used in the same manner until the time of the accident.

It is maintained on behalf of the defendant town that the second finding is unsupported by the testimony. We find no testimony tending to show that any work was done on this road, by or under the direction of the proper town authorities, as early as November 1, 1868, and we do not think the evidence supports the finding in this particular. There is, however, considerable evidence tending to show that the road was continuously used for public travel from 1865, and even earlier, to the time of the injury. It was a portion of

the usually traveled and only practicable thoroughfare between the village (now city) of Menomonee and Fall City, in the county of Dunn. The evidence is conclusive that it was used during all the time aforesaid as a public highway. Hence the finding that the road is a public highway by user for more than ten years is abundantly sustained by the proofs.

The testimony tends to show certain changes in the line of the road as used, occasioned by encroachments upon the original line, by reason of the erection of buildings and fences upon or across it at different places. It does not satisfactorily appear that any material encroachment was made during the first ten years the road was used as a public highway. But, however that may be, none of these encroachments were located at or near the place where the plaintiff was injured. At that point the testimony tends to show, and the jury were justified in finding, that the line of travel remained substantially unchanged. We are of the opinion that changes in the line of travel at other and distant points do not prevent the road becoming a public highway by user at the point of the accident.

3. The answer to the third question is, in effect, a finding by the jury that the defendant town is estopped to deny that the *locus in quo* is a public highway, because, prior to and up to the time the plaintiff was injured, the proper authorities of the town had recognized and treated it as a public highway. Counsel for defendant submitted a very able and learned argument, in which he maintains that this issue is not raised by the pleadings, and that the testimony does not support the finding. It is entirely unnecessary to pass upon either of these propositions, for the reason that they become immaterial, since we hold that the second finding and the uncontradicted evidence establish that the *locus in quo* is a public highway. It would be none the less so were we to hold that the town is estopped to deny and con-

test that proposition.  Hence we do not determine the objections to the third finding.

4. The jury found that the highway was defective and insufficient, and that the injuries complained of were caused thereby.  Also that the plaintiff, when injured, was exercising ordinary care to avoid the injury.

The defect consisted of a ditch or washout in the track originally traveled, and the travel passed the same on both the east and west sides thereof.  There was no barrier to warn travelers of the ditch, and it had been there a long time.  The plaintiff was driving his team along the highway on a dark night, and after he had passed the point where the east and west tracks diverged, going towards the ditch on the east track, he reined his team to the right to get upon the west track, which he deemed the safer of the two.  He could not see the ditch, and, although familiar with the road, he supposed he was six or eight rods distant from the ditch.  He mistook his position, and was so near the ditch that, as he turned, the left forward wheel of his wagon ran into it, threw him from the wagon, and he thereby received the injuries complained of.  He was driving on a walk with a tight rein, was endeavoring to avoid the ditch, and his team stopped as soon as he was thrown out, and remained standing.

We think the evidence is conclusive that the highway at the point of injury was defective, and had been so for a long time, and that such defect was the proximate cause of the injury.  Also that the question whether the plaintiff was or was not guilty of any negligence contributing directly to the injury was properly submitted to the jury.  Under numerous adjudications by this court, it cannot properly be held that the evidence conclusively proves the plaintiff guilty of any want of reasonable and proper care.

5. On the trial counsel for defendant proposed two questions to be submitted to the jury, but the court declined to

submit them. These are, in substance: Was the plaintiff guilty of a slight want of ordinary care at the time of the accident? and, if so, did such slight want of ordinary care contribute to produce or cause the injury complained of? The court instructed the jury, however, that any want of ordinary care on the part of the plaintiff, however slight, would defeat a recovery in the action. We regard this instruction as equivalent to submitting the proposed questions to the jury. Had the jury found that there was on his part a slight want of the care and caution which the law required of him, as the condition of a recovery, they would necessarily have answered in the negative the fifth question submitted to them, to wit: " Was the plaintiff at the time of the accident using ordinary care in passing along such road?"

6. Several other errors are assigned, but it is deemed unnecessary to consider them in detail. Some of them are rendered immaterial by the view we have taken of the third special finding. Such of the remaining errors alleged as are material are believed to be covered by the foregoing observations, the result of which is that none of them are well assigned.

We conclude that the record discloses no ground for disturbing the judgment.

*By the Court.*— Judgment affirmed.