RHODES and others, Appellants, vs. HALVORSON and others,
Respondents.

*November 20—December 11, 1903.*

*Trespass: Unrecorded highway: Statutes: Evidence: Appeal and
error: Harmless error.*

1. In an action for alleged trespass in cutting down fences on
   plaintiffs' premises, alleged to be a public highway, the evi-
   dence considered and *held* to warrant the jury in finding that
   the road in question had been used and worked as a public
   highway for a period of ten years before the commencement
   of this action, and hence, under sec. 1294, Stats. 1898, that the
   *locus in quo* was a public highway.
2. It is not prejudicial error to admit immaterial evidence, which
   is harmless in its effect on appellant.

APPEAL from a judgment of the circuit court for La Crosse
county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This is an action for an alleged trespass for the cutting
down of fences on the premises of appellants. Respondents
entered appellants' premises and caused the fences to be re-
moved upon the ground that they closed up the public high-
way, established by twenty years of adverse public user, and
by having been traveled and worked for a period of ten con-
secutive years before this action was commenced. Appellants
are the owners of the premises through which the alleged
highway runs. Their land consists of two forties. On the
division line between the forties is a fence, beside which the
road runs. On the opposite side of the road is appellants'
pasture land. The road runs north and south. The south
end of the road runs into a public highway known as the
"Bostwick Valley Road." The north end continues through
lands lying in what is known as "Irish Cooley." The evi-
dence shows that years ago there were gates at the ends of
the road on respondents' land. Some of the witnesses testi-
fied that the road had been open and used by the public for

more than twenty years, and there was other evidence tend-
ing to show that the road had been so used and worked by the
town authorities for ten years and over. The land lying next
north of appellants' is occupied by one Filter, who during
the last four or five years at times maintained a fence and
gate over the road at or near the line between himself and
appellants. He testifies that he erected the gate, and closed
it for a few weeks in the spring and fall season, to keep his
cattle from straying, but not intending to prevent the public
from using the road. The jury found that the road had been
used adversely by the public for the period of twenty years
before this action was commenced, and that it had been used
and worked by the town as a public highway for ten years or
more. From the judgment on the verdict in respondents'
favor, this appeal is taken.

For the appellants there was a brief by *Higbee & Bunge,*
and oral argument by *George Bunge.*

For the respondents there was a brief by *Miller & Wolfe,*
and oral argument by *W. F. Wolfe.*

SIEBECKER, J. Sec. 1294, Stats. 1898, provides, "All
roads not recorded which shall have been or shall be used and
worked as public highways ten years or more shall be deemed
public highways," unless it comes within one of the excep-
tions under this section. These exceptions are not material
to this case. Upon the evidence, the jury, under proper in-
structions, found that the *locus in quo* had been used and
worked as a public highway for a period of ten consecutive
years prior to the commencement of this action, namely,
from 1890 to 1901. Appellants insist the court erred in sub-
mitting this question to the jury, for the reason that the evi-
dence shows that fences and gates were maintained across
the traveled track of the road on their land. The evidence
establishes that no gates were maintained at or near the south
line, where the track passed over appellants' land, for a period

of at least sixteen years prior to the commencement of this action. Some of the witnesses testified that a fence and gate had been maintained across the traveled road at the north line of appellants' land for a considerable period of years between 1890 and 1901. A number of witnesses, on the other hand, testified that they traveled over the road frequently during this period, and found it open, and observed no fence or gate. Mr. and Mrs. Filter, who occupied the land adjoining appellants' on the north, testified to the free and unobstructed use of the road by the public for twenty years or more immediately preceding the commencement of this suit, and that they did, during the spring and fall seasons in recent years, keep a temporary gate and fence at or near the division line between their land and appellants,' across the traveled track of this road, to keep their stock from straying off their premises. They also testify that such fence and gate were kept closed only a few weeks at a time during such seasons, causing slight, if any, obstruction to the use of the road by the public, and were not intended to close up the road, or prevent the public from using it as a public highway. This is all the testimony tending to show that gates and fences cut off public travel within the ten-year period covered by the verdict of the jury. There is an abundance of evidence sustaining the finding that the road had been worked as a public highway by the proper town authorities throughout and prior to this ten-year period. Upon this state of the evidence, we must hold that the jury were warranted to find the road in question had been used and worked as a public highway for a period of ten years before the commencement of this action, and that the *locus in quo* is a public highway. Among the cases in this court which recognize this principle are *Hart v. Red Cedar,* 63 Wis. 634, 24 N. W. 410; *Blute v. Scribner,* 23 Wis. 357; *Hanson v. Taylor,* 23 Wis. 547; *Scribner v. Blute,* 28 Wis. 148; *Chippewa Falls v. Hopkins,* 109 Wis. 611, 85 N. W. 553.

It is contended the court erred in receiving in evidence a large number of records pertaining to organizations of road districts, and the election of officers, levying taxes, and expending money for road improvements, because the evidence fails to show it affected appellants' premises. It is not entirely clear that all this evidence was material, but we perceive no prejudice in its admission. In so far as immaterial evidence was received, it was harmless in its effect, and could work no prejudice to appellants. Other exceptions were argued, which relate to branches of the case that have become immaterial, since, under the third and fourth findings of the jury, which were properly submitted, the *locus in quo* must be deemed a public highway.

*By the Court.*—Judgment affirmed.