Hammond and wife vs. The Town of Mukwa.

# HAMMOND and wife vs. THE TOWN OF MUKWA.

TOWNS: HIGHWAYS: CONTRIBUTORY NEGLIGENCE: DAMAGES. *(1, 2, 4, 6) Contributory negligence. Slight negligence. (3) Construction of railway across highway. Liability of town. (1, 5) Court and jury. (7) Excessive damages.*

1. In an action against a town for injuries from a defective highway, where the only contributory negligence claimed by defendant was in the use of a wagon with its seats attached in a certain manner, there being evidence tending to show that the wagon was one of a kind in common use, and that the seats were put in and fastened in the manner usual in wagons of that class, a nonsuit on that ground was properly refused, and the question of negligence left to the jury.

2. The court charged, in substance, that even if the manner in which the seats were attached to plaintiffs' wagon might in some degree have contributed to the injury, still plaintiffs might recover, unless they were guilty of negligence or want of ordinary care and prudence in using a vehicle with seats so fastened; but that if a wagon constructed like that in question was notoriously unsafe, plaintiffs would not be justified in using it, though the mass of mankind might persist in using such wagons. *Held*, that there was no error against defendant.

3. Where a railway company is constructing its road across a highway, in pursuance of statutory authority, the town is still primarily liable if it fails to keep the highway safe for public travel, or to use proper precautions to warn travelers of its dangerous condition.

4. After charging that "to entitle plaintiffs to recover, it must appear that they were not guilty of negligence, *or the want of ordinary care*," the court further charged that " slight negligence " in either of the plaintiffs would not prevent a recovery. *Held*, that the words " slight negligence," as here used, evidently meant " an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use " (*Dreher v. Fitchburg*, 22 Wis., 677); and the jury could not have been misled by them.

5. The question whether the highway was out of repair having been fairly submitted to the jury under proper instructions, its finding is conclusive.

6. To entitle plaintiffs, who are husband and wife, to recover for injuries to the wife, it is not necessary to show that she " had occasion to ride, or was under some necessity of riding, with her husband at the time she was injured."

7. It appears that in consequence of the defect complained of, the plaintiff wife received a serious injury to her spine; that she has suffered much

pain, and is incapable of doing any work, or attending to her household duties; and it is probable that she is permanently disabled and will be more or less of an invalid for life. This court refuses to set aside as excessive a verdict for $5,000 damages.

APPEAL from the Circuit Court for *Waupaca* County.

Action for injuries to the plaintiff wife alleged to have been caused by the defective condition of a highway in the defendant town. The plaintiffs had a verdict for $5,000 damages; the court refused a new trial, and rendered judgment in accordance with the verdict; and defendant appealed.

The nature of the defenses relied on in the trial court, and the errors alleged to reverse the judgment, will sufficiently appear from the opinion.

Briefs were filed by *Myron Reed*, with *Norris & Chynoweth* of counsel, for the appellants, and *E. L. Browne* for the respondent. The oral argument was by *W. H. Norris* for the appellants, and *E. L. Browne* for the respondent.

For the appellant it was argued, that upon the undisputed facts as to the character of the seat upon which the female plaintiff was riding, the manner in which her arms and hands were occupied so as to prevent her taking hold of any object to prevent the seat from being thrown out, and the knowledge which plaintiffs had of the exact condition of the highway, the court should itself have determined the question of contributory negligence by granting a nonsuit. *Delaney v. R'y Co.,* 33 Wis., 67, 72; *Lewis v. R. R. Co.,* 38 Md., 588: *Biles v. Holmes,* 11 Ired., 16; *Greenleaf v. R. R. Co.,* 29 Iowa, 15; *N. J. R. R. Co. v. West,* 4 Vroom, 430; *Knight v. Pont. R. R. Co.,* 23 La. An., 462; *Cornelius v. Appleton,* 22 Wis., 635; *Moore v. Westervelt,* 1 Bosw., 357, 364–5. 2. Any want of ordinary care or prudence, *however slight,* which contributed to produce the injury, would be sufficient to prevent a recovery. *Potter v. Railway Co.,* 21 Wis., 372, 377; *Cunningham v. Lyness,* 22 id., 245, 248, and cases there cited. The court instructed the jury in this case that "slight negli-

gence " would not prevent a recovery, with nothing in the case to suggest that these words were used to express a want of extraordinary care. The instruction tended to confuse and mislead the jury, and was a broad intimation to them that the acts and omissions of the plaintiffs charged as constituting negligence, were at most merely slight negligence, and insufficient to prevent a recovery. For such misleading instructions, even though abstractly correct, the verdict should be set aside. *Harding v. Barney*, 7 Bosw., 353; *Imhoff v. R. R. Co.*, 20 Wis., 344. 3. There was abundant and undisputed evidence that the road at the place of the accident was in general use by all kinds of drivers with all kinds of teams, and no other accident is even suggested. This evidence tended irresistibly to show that the crossing was reasonably safe, and that the plaintiffs, therefore, were negligent. We asked the court to instruct the jury: " If you find that a large number of teams passed the railroad crossing while in the same condition that it was at the time the plaintiff was injured, and all except plaintiffs did so in safety, and in the exercise of only ordinary care and prudence, such fact is evidence from which you may infer want of ordinary care and prudence on the part of the plaintiffs." In defiance of the statute (Tay. Stats., 1496, § 15), the court *modified* this instruction by adding: " Such circumstances may be considered by the jury in coming to their conclusions as to the condition of the highway or crossing, and the care and prudence exercised by the plaintiffs in passing over the same, but would not be sufficient in themselves to establish want of ordinary care and prudence on the part of plaintiffs." This modification was not law, and was injurious to the defendant. *Mason v. The Whitbeck Co.*, 35 Wis., 164. The jury should have been left free to decide the weight and effect of the evidence for themselves. *Gillett v. Phelps*, 12 Wis., 393, 399, 400; *Imhoff v. R. R. Co.*, 20 id., 344, 347. 4. The defendant was not in fault for the condition of the railroad crossing. The *locus* was in possession

of a superior power, of paramount right; and the town could neither remedy the supposed defect nor compel the railroad company to do so. Until it had enjoyed reasonable opportunity to repair the omissions, if any, of the railroad company, the town could not be in default for not repairing. *Willey v. Portsmouth*, 35 N. H., 303, 314; *State v. Fryeburg*, 15 Me., 405, 407; *Davis v. Leominster*, 1 Allen, 182, 185; *Jones v. Waltham*, 4 Cush., 299, 301–2; *Ward v. Jefferson*, 24 Wis., 344; *Cuthbert v. Appleton*, 22 id., 642, 644; *Alexander v. Oshkosh*, 33 id., 277. Upon the evidence the court should itself have decided that defendant was not guilty of any negligence injurious to the plaintiffs. *R. R. Co. v. Yerger*, 73 Pa. St., 121; *Anderson v. Steamboat Co.*, 64 N. C., 399; *Jackson v. Bellevieu*, 30 Wis., 250; and cases cited under the first point, *supra*. 5. Even if plaintiffs were entitled to a verdict, the damages awarded are excessive.

For the respondent it was argued: 1. That the town is primarily liable for injuries arising from a defect suffered to remain in a highway, although a third party may be liable over. *Kittredge v. Milwaukee*, 26 Wis., 47; *Phillips v. Veazie*, 40 Me., 96; *Elliot v. Concord*, 7 Fost., 208; *Batty v. Duxbury*, 24 Vt., 158; 2 Hilliard on Torts, 408. 2. That the questions of the sufficiency of the highway and of contributory negligence are questions of fact for the jury, and their verdict is conclusive. *Stucke v. R. R. Co.*, 9 Wis., 202; *Langhoff v. R. R. Co.*, 19 id., 489; *Wheeler v. Westport*, 30 id., 392; *Houfe v. Fulton*, 29 id., 296; *Burns v. Elba*, 32 id., 606; *Jaquish v. Ithaca*, 36 id., 113. 3. That if the accident occurred by reason of the insufficiency of the highway, the town is liable in case the plaintiffs used ordinary care and prudence. Even slight negligence on their part, contributing to the injury, would not prevent a recovery. *Dreher v. Fitchburg*, 22 Wis., 675; *Houfe v. Fulton*, 29 id., 296. And negligence will not be presumed from the mere fact that they knew the condition of the highway. *Kavanaugh v. Janes-*

*ville*, 24 Wis., 618; *Kelley v. Fond du Lac*, 31 id., 180; *Wheeler v. Westport*, 30 id., 392. 4. That where one is injured, without negligence on his part, in consequence of a highway being out of repair, the town is absolutely liable, unless the defect in the highway was suddenly caused by the elements, in which case the town must have notice of the defect, or so much time must have elapsed and the defect be of such a nature that the law would presume knowledge. *Ward v. Jefferson*, 24 Wis., 342; *Goodnough v. Oshkosh*, id., 549; *Cook v. Milwaukee*, id., 270. 5. That the damages awarded are not excessive, considering the age of the person injured and the nature of the injuries. *Goodno v. Oshkosh*, 28 Wis., 300; *Karasich v. Hasbrouck*, 28 id., 569; *Duffy v. Chicago & N. W. Railway Co.*, 34 id., 188.

COLE, J. It would seem to be unnecessary to make any remarks in justification of the ruling of the court in refusing to grant the motion for a nonsuit. It is claimed on the part of the town that the evidence showed contributory negligence which should preclude a recovery. The particular act of negligence relied on was the use of a wagon, the seats of which were fastened in the manner the testimony disclosed those in question were secured. When the accident happened, the plaintiffs were riding in what the witnesses describe as a light democratic wagon with two seats, the husband sitting on the front seat driving. The wife was on the back seat with a little boy, and had in her lap a small clock. While crossing an excavation which had been made in the highway by the Green Bay & Lake Pepin Railway Company for the purpose of laying its track, the hind-seat became unfastened or displaced, and the wife was thrown out of the wagon and was seriously injured. There was evidence which tended to show that this kind of wagon was in common use; that the seats rested upon elliptical springs, and were fastened, as they usually are, by means of iron bolts under the end, running

down through rails attached to the side board. A witness, Witherill, was sworn on the part of the plaintiffs, who testified that he was a blacksmith by trade; that he had been engaged in ironing wagons for twenty-five or thirty years; and that he ironed the wagon in question. He stated that the seats were put in or fastened in the ordinary way of securing seats in wagons of that class. In view of such testimony, which was supported by other evidence, it is impossible to say as a matter of law, that the plaintiffs were not in the exercise of ordinary care and diligence in using the wagon in which they were riding with the seats fastened as described by the witnesses. It appears to us that this was essentially a question of fact for the jury to determine, and that the court was clearly right in refusing the nonsuit on the ground that the evidence showed contributory negligence.

The other ground relied on in the motion for a nonsuit, that there was no evidence which would justify or support a verdict of neglect on the part of the town authorities in not keeping the highway in proper repair, is equally untenable, but will be more fully considered in connection with certain instructions asked on the part of the defendant and refused.

Some instructions were asked on the part of the town, to the effect that if there was a defect in the highway occasioned by the construction of the Green Bay & Lake Pepin Railway across the street, under authority given in its charter, then the company was entitled to a reasonable time, in view of all the facts and circumstances, to lay its track and to place the highway in proper repair; that while the company was thus necessarily employed in such work, it had lawful control of that portion of the highway, and it was out of the power of the officers of the town to interfere with or to remedy any defect therein at that point; and that after the company had completed its track across the highway, the town officers would have a reasonable time to make the highway sufficient at the place of intersection. The circuit court, while refusing to

give these instructions in the language asked, did nevertheless state to the jury in the general charge, that the town was not required to keep Ferry street entirely passable during the time of the construction of the railroad at the point of intersection; that if the town officers could not, before the accident, have made the crossing otherwise than it was, without interfering with the railroad, then the town was not liable for injuries resulting in consequence of its being out of repair, for the reason that the company had the right to be there for the purpose of constructing its road, and while it was thus necessarily employed, the town had no right to interfere.

Upon this point we hold this to be the correct rule of law. The fact that the railroad company was constructing its road across the highway in pursuance of statutory authority, did not absolve the town from its primary duty and liability to the public to keep its highway in suitable repair; and if it became impracticable to keep the highway at the place in question passable while the railroad was being constructed across the same, then it was the duty of the town to take proper and reasonable precautions to guard the public against traveling upon the highway while it remained unsafe by reason of the operations of the railroad company in the construction of its track. We are now alone considering the obligation of the town, and the question whether it is or is not liable to a person sustaining damage by reason of the insufficiency of one of its highways, occasioned by a railroad company constructing its road across it. And we are clear that the the town is primarily liable where it fails to keep such highway safe for public travel, or does not use proper precautions to warn travelers of the dangerous condition of the highway. This is the rule laid down in *Willard v. Newbury*, 22 Vt., 458; *Batty v. Duxbury*, 24 id., 155; and *Phillips v. Veazie*, 40 Me., 96; and it seems to us reasonable and just. The public have the right to look to the town for a reasonably safe highway, and where it becomes dangerous and out of repair, caused by a

railroad company constructing its road across it, then it is the duty of the town to see that proper barriers or guards are kept up to warn travelers of its unsafe condition. Consequently, without dwelling more particularly upon the first four requests of the defendant, it will be seen from these remarks that they were incorrect, and that the charge of the court was more favorable to the town than the rule as above laid down.

As bearing upon the question of plaintiffs' negligence, the court charged that if either of them had knowledge of the actual condition of the crossing, then no notice or warning to them from the town or its officers was necessary; or if either had knowledge of the alleged defect in the highway, and if the defect was of such a character that men of ordinary prudence, having knowledge of it, would not, under ordinary circumstances, have attempted to pass at their own risk, the plaintiffs had not the right to do so, and could not recover, such facts being established. Also, that negligence of the plaintiff husband was in law the negligence of the wife, and was equally fatal to a recovery as the same degree of negligence on her part; but that "slight negligence in either will not prevent a recovery." The learned counsel for the town criticises the last expression as being equivalent to telling the jury that if either of the plaintiffs was wanting in the exercise of ordinary care and prudence, it would not prevent a recovery. But it is quite obvious from the whole charge that what the court meant was, that "an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use" (Mr. Justice PAINE in *Dreher v. The Town of Fitchburg*, 22 Wis., 675–677), would not prevent a recovery. That this is the true interpretation of this remark becomes more clear from the previous observations of the learned circuit judge, wherein he states that to entitle the plaintiffs to recover, it must not only appear that the injury resulted from a defect in the highway, but "that the plaintiffs were not guilty of negligence, or the want of

ordinary care, in driving or passing over the said highway." So, taking the whole charge together, the meaning is manifest, and there is no ground for saying it could have misled the jury as to the degree of diligence and care which the plaintiffs were bound to exercise. The circuit judge fully explained what would be deemed ordinary care and prudence on the part of the plaintiffs in driving over the highway where the accident occurred, adopting in the main the language of the authorities upon the subject.

Another expression in the charge was excepted to, wherein the court states that the town claimed that the accident was occasioned by reason of a defect in the wagon, in this, that the rear seat, the one occupied by *Mrs. Hammond*, was improperly and insecurely attached to the wagon bed. And the court said, as we understand this part of the charge, that the plaintiffs might recover, notwithstanding such defect may have in some degree contributed to the injury, unless they were guilty of negligence, or the want of ordinary care and prudence, in using a carriage with seats fastened in the manner the seats in their wagon were secured. We really can see no objection to such a charge. The court also told the jury, in substance, that if a wagon constructed like the one in question was notoriously unsafe, the plaintiffs would not be justified in using it, though the mass of mankind might persist in using wagons of that kind.

The question whether the highway was out of repair was fairly submitted under proper instructions, and the finding of the jury upon the fact is conclusive. The jury were distinctly told that they must be satisfied that the real or essential cause of the injury was the alleged defect in the highway, and that the plaintiffs were not chargeable with any want of due care in driving over it. The counsel for the town argued that it should be shown that *Mrs. Hammond* had occasion, or was under some necessity of riding with her husband at the time she was injured. But such is not the law. We do not

suppose a person is precluded from recovering damages for injuries sustained by a defect in a highway because he is traveling on the same for mere pleasure or recreation; and we will only add that we see no error in refusing to give the requests of the defendant as asked, but consider it unnecessary to specially comment on them.    Some of them are substantially given in the general charge.

In consequence of being thrown from the wagon in which she was riding, *Mrs. Hammond* received a serious injury to her spine.    It appears that she has suffered much pain, and is incapable of doing any work, or of attending to her household duties.    The great probability is, that she is permanently disabled, and will be more or less of an invalid for life.    The jury gave a verdict for $5,000 damages.    In view of the nature and extent of the injury, we do not feel warranted in setting aside the verdict because excessive.

These remarks dispose of all the questions we deem material and essential to be noticed.    It follows that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.