Otis vs. The Town of Janesville.

OTIS VS. THE TOWN OF JANESVILLE.

CONTRIBUTORY NEGLIGENCE: *(1) Of driver of private conveyance. (2) "Slight want of ordinary care."*

1. Contributory negligence of the *driver* of a private conveyance in which a person is voluntarily riding at the time of receiving an injury from a defective highway, is imputable to the person so injured, to prevent a recovery.

2. In an action for injuries caused by negligence, the court, after charging that "slight negligence" (which means in the law a want of extraordinary care) would not prevent a recovery, but that a "want of ordinary care" would do so, if it "contributed *in any material degree* to produce the injury," refused to charge that a "*slight* want of ordinary care," in consequence of which the injury occurred, would have that effect. *Held*, misleading and therefore error.

APPEAL from the Circuit Court for *Walworth* County.

Action for injuries to the person alleged to have been caused by a defective highway. It appeared that plaintiff and several other persons, at the time of the accident, were riding along the highway in a private conveyance drawn by a horse which was driven by one of the party; and defendant sought to show, among other things, that the accident was caused by negligence in driving.

The defendant appealed from a judgment in favor of the plaintiff.

The cause was submitted on the brief of *Winans & McElroy* and *Bennett & Sale* for the appellant, and that of *Pliny Norcross* and *Cassoday & Carpenter* for the respondent.

ORTON, J. The injury of the plaintiff occurred by being thrown from a conveyance driven and managed by another, whose negligence, if any there was, must be imputed to her. *Prideaux et ux. v. The City of Mineral Point*, 43 Wis., 513. Such negligence, therefore, was a very material question in the case, and should have been very clearly and fully submitted

to the jury, by instructions not liable to any doubt or uncertainty. The distinction between *slight negligence* and *slight want of ordinary care* may be clear enough to a lawyer, but not so clear to those not educated in the law.

If slight negligence of the plaintiff would prevent a recovery, then he would be held to the highest degree of care, when, in law, he is chargeable only with the exercise of ordinary care, and is prevented from a recovery by the want of it in any degree, however slight. The jury were properly instructed that slight negligence would not prevent a recovery, and the want of ordinary care would do so. *Cremer v. Town of Portland*, 36 Wis., 92; *Hammond v. Town of Mukwa*, 40 Wis., 35. But the learned judge omitted to qualify this general instruction with the word *slight*, leaving it to be inferred that the entire absence of ordinary care, or the want of the highest degree of ordinary care only, would prevent a recovery, and at the same time added the qualification that such neglect to use ordinary care " contributed *in any material degree* to produce the injury."

This qualification alone, although well calculated to confuse the jury, and liable to be understood as meaning that such want of ordinary care must be something greater and more *material* than slight to prevent a recovery, might not be strictly erroneous; but when so given in connection with the charge that slight negligence of the plaintiff would not prevent a recovery, and with the omission or refusal to charge distinctly and unqualifiedly that, "if the jury find from the evidence that Charles E. Wheelock [the driver], on the occasion in question, failed to exercise even a slight want of ordinary care, in consequence of which the plaintiff was thrown from the wagon and was injured, then the plaintiff is not entitled to recover," then it is quite clear that this qualification misled the jury as to this distinction between slight negligence and slight want of ordinary care. We think the instruction, as asked in the above language, should have been given, because

it was strictly good law, and because, also, no equivalent instruction had been given in the general charge. For this refusal to so charge, under the circumstances, we think the judgment should be reversed.

We are inclined to the opinion, after a careful examination and review of all the evidence, that Wheelock, the driver, was guilty of a want of ordinary care in driving and managing the wagon at the time and place, and under the circumstances.

The speed with which he drove the team over the hill and down the declivity to the defect in the highway which caused the wagon to upset, when he had long known of this defect, is a strong circumstance in support of such opinion; but we do not reverse the judgment upon that ground, and we leave the plaintiff to proceed further as she may be advised. *Haas v. The C. & N. W. R'y Co.*, 41 Wis., 50.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause remanded for a new trial.