LUEDKE, Respondent, vs. TOWN OF MUKWA, Appellant.

*March 7 — April 3, 1895.*

*Injury from defective highway: Notice of defects: Contributory negligence: Court and jury.*

1. Evidence that there were deep, sharp holes between the logs of a corduroy road, caused by their gradual wearing out and rotting, was sufficient to sustain a verdict to the effect that the highway was defective and that the town was chargeable with notice of its condition.

2. Plaintiff was traveling over such road, at a time when it was covered with water from a heavy rain, with three other adults and three children in a democrat wagon, one hind spring of which was broken, lowering that corner of the box four to six inches. The wagon went suddenly into a deep hole between the logs, and plaintiff, with the rear seat on which she was riding, was thrown backwards out of the wagon and injured. *Held,* that the question of contributory negligence was for the jury.

Luedke vs. Town of Mukwa.

APPEAL from a judgment of the circuit court for Waupaca county: CHARLES M. WEBB, Circuit Judge. *Affirmed.*

Action for personal injury caused by a defective highway.

The road was of corduroy. Some of the logs were worn and rotted out so as to make deep holes. It had become so gradually, and remained so for a long time. The holes were not caused by washout. They were caused by wear and rot. The road was across marshy, level ground. At the time of the accident it was covered with water from a heavy rain, so that the holes were not obvious.

The plaintiff is seventy years old. She was riding in a democrat wagon, with her husband, a neighbor, his wife, and three children. The team was well broken and tractable. It was prudently driven. The wagon was sufficient. In going over a previous corduroy the left-hand spring over the hind axle had broken, so that that corner of the box was four to six inches lower than the other side. This made the plaintiff's seat lower. The wagon went suddenly into a deep hole between logs, and the plaintiff, with the seat on which she was riding, was thrown backwards out of the wagon upon the road, and was injured.

There was a special verdict and judgment for the plaintiff. The objection urged against the verdict is that it is not sustained by the evidence and is perverse. The objection relates more particularly to three propositions: (1) That the highway was defective; (2) that the town had notice of its condition; (3) that there was no contributory negligence.

For the appellant there was a brief by *Goldberg & Hoxie,* and oral argument by *Benj. M. Goldberg.*

For the respondent there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

NEWMAN, J. The testimony is abundant to sustain the finding that the highway was defective. There was much evidence tending to show that there were deep, sharp holes

between logs, caused by the wearing out or rotting of the logs of which the road was made. That these holes had been there long enough for vigilant officers to discover their existence and to remedy them, is made clear by the fact that they were not produced by recent casualty but by the slow process of the wearing out and rotting of the logs.

It was, too, a fair question for the jury whether there was contributory negligence. It was not, as matter of law, negligence to travel carefully over that road in its then actual condition. Nor was it, as matter of law, negligence to ride over that road, in its then actual condition, in that wagon, out of repair as it then was, and with the load it then bore. It is not clear that the broken spring or the load which the wagon bore had any agency in producing the accident. Apparently, it would have been just as likely to happen if the spring had been unbroken and the load had been lighter. Whether the seat was sufficiently secured to the box was also a question for the jury. The law has no standard by which to determine it. Such care as ordinarily prudent and experienced people use is its only gauge.

There is no error in the record for which the judgment can be reversed.

*By the Court.*— The judgment of the circuit court is affirmed.