PETRICH, Respondent, vs. TOWN OF UNION, Appellant.

*February 5—February 24, 1903.*

*Highways: Injury from defect known to plaintiff: Temporary forgetfulness: Contributory negligence: Presumptions: Court and jury: Instructions: Credibility of witnesses.*

1. In an action for injuries caused by a defective highway, where it appeared that plaintiff was riding in a wagon with her husband at night, holding a baby in her lap, and talking with her husband, it was a question for the jury whether she was negligent in temporarily forgetting the existence of the defect, of which she had knowledge.

2. It appearing that, although plaintiff well knew the defective condition of the highway, she was not holding on to anything as she rode, and it not appearing that her husband, who was driving, had such knowledge of the highway or knew how she was riding, the question of plaintiff's own contributory negligence, independent of negligence on the part of the husband, should have been submitted to the jury.

3. An instruction that if the husband knew of the defective condition of the road, that fact did not necessarily make him negligent as matter of law, should have had coupled with it the correlative idea that such fact raised a presumption of negligence which must be rebutted by showing a reasonable excuse for his lapse of memory which resulted in the injury.

4. There being a sharp conflict in the testimony of two witnesses as to service of a notice of plaintiff's injury, it was an invasion of the province of the jury for the court to charge, in effect, that there was doubtless an honest mistake and not false swearing, and to suggest ways in which the difference in testimony might be accounted for on the basis of honest mistake.

APPEAL from a judgment of the circuit court for Waupaca county: J. J. FRUIT, Judge. *Reversed.*

This is an action to recover for personal injuries received upon an alleged defective highway in the defendant town. The plaintiff is a married woman, about thirty-six years of age, and upon the evening of August 4, 1900, at about 9 o'clock, was riding over the highway in question with her husband in a double spring wagon, the horses being driven by her husband. She was holding a baby in her lap, and she testifies that the right-hand wheels of the wagon dropped suddenly into a ditch or gully in the traveled track about twenty inches deep, and that she was thereby thrown out of the wagon onto the ground, suffering serious injuries. She had been over the road at about 5 o'clock on the same afternoon, and also upon a number of previous occasions, and knew of the defect. The answer pleaded contributory negligence by the plaintiff. At the close of the evidence the defendant moved for the direction of a verdict, but the motion was overruled. The following special verdict was rendered by the jury:

"1. Was there an insufficiency or want of repair in the highway in question, which caused or contributed to the plaintiff's fall and injury? *Answer.* Yes. 2. Did the pathmaster of the road district in which the highway in question was situated, prior to the accident to plaintiff, have notice of such insufficiency or want of repair? *A.* Yes. 3. Was the insufficiency or want of repair of such a nature, and had the same existed for such a length of time, that the town authorities, in the exercise of ordinary care, should have discovered it before the accident in time to have repaired the same? *A.* Yes. 4. Was the plaintiff's husband, in the management of his team and wagon at the time of the accident, considering the condition of the road, guilty of any want of ordinary care which contributed to her injury? *A.* No. 5. Was a duplicate copy of the notice signed '*Matilde Petrich,*' marked 'Exhibit A,' offered in evidence, served upon J. E. Chapin, chairman of the town board of supervisors, within thirty days

after the happening of the accident? *A.* Yes. 6. If you answer question No. 1 in the affirmative, then was such insufficiency or want of repair in the highway the proximate cause of the plaintiff's injury? *A.* Yes. 7. If the court shall finally determine that the plaintiff is entitled to recover in this action, at what sum do you assess her damages? *A.* Eight hundred dollars."

Judgment for the plaintiff was rendered upon the verdict, and the defendant appeals.

For the appellant there was a brief by *E. L. & E. E. Browne,* attorneys, and *R. N. McMynn,* of counsel, and oral argument by *Mr. McMynn* and *Mr. E. E. Browne.*

*John H. Spengler,* attorney, and *F. F. Wheeler,* of counsel, for the respondent.

WINSLOW, J.    It appears by her own admissions that the plaintiff knew of the alleged defect in the highway by reason of having ridden over the road several times prior to the accident, one of which occasions was but a few hours before her fall.    Upon this ground the defendant claims that she was guilty of contributory negligence as a matter of law, and that a verdict for the defendant should have been directed.    While the case is certainly one that approaches close to the border line, we are unable to agree with the contention.    The subject has been recently quite fully reviewed in the case of *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087.    It was there said, in substance, that a traveler, knowing of the existence of a defect in the highway, may temporarily forget the existence of such defect, and yet be in the exercise of ordinary care; that it will be presumed, in the absence of evidence to the contrary, that he remembered the defect, and was negligent in falling into it, but that this presumption will give way to explanatory circumstances appearing in the evidence, showing a reasonable excuse for forgetfulness; and that, when such circumstances are shown, the question is one for the jury.

So, in the present case, had the evidence shown simply that plaintiff had previous knowledge of the ditch or rut, it would have been the duty of the court to direct a verdict for the defendant; but there were explanatory circumstances testified to by the plaintiff. She was holding a baby in her lap while riding, and she testifies that at the time of the accident she and her husband were talking about "the farm and land there"; that she did not remember how the accident happened, "only we was talking about some land there," and then she fell. It appears that the place of the accident was about eighty rods distant from the plaintiff's dwelling and home farm. It is true she does not say in so many words that she forgot about the condition of the highway, but such is the natural inference; and it appears that she was unable to speak English, and that it was quite difficult on this account to obtain information from her. While the explanatory circumstances thus testified to were not of the strongest character, we think they were sufficient to carry the question to the jury. The night was dark, and the road not visible. She had her baby upon her lap; and if she was, as she testifies, talking with her husband about the farm and the land there, it becomes a question for the jury whether or not she was negligent, under the circumstances, in not bearing in mind the condition of the highway. *Wheeler v. Westport,* 30 Wis. 392; *Collins v. Janesville, supra.* So we conclude that there was no error in refusing to direct a verdict for the defendant.

One of the issues in the case made by the pleadings was whether the plaintiff herself was guilty of contributory negligence, and this issue was also suggested in two questions which the defendant requested should be incorporated in the special verdict. The court, however, seemed to be of opinion that the only question on this branch of the case was the question whether the husband of the plaintiff was negligent in his driving, and hence he submitted no question to the jury covering the alleged contributory negligence of the plaintiff herself.

This was error. While, upon familiar principles, the plaintiff was chargeable with the contributory negligence of the driver of the wagon, it does not follow that she must be acquitted of contributory negligence because her husband is found to have been driving with ordinary care. Upon her own admission the plaintiff knew perfectly the defective condition of the highway, while it does not appear by the evidence that her husband had any such recent or complete knowledge. Again, even if the husband had the same knowledge of the highway, she may have contributed to her fall by her manner of riding. She testifies that she was not holding onto anything as she rode, and it does not appear that her husband knew that such was the case. Altogether we think the question whether the plaintiff herself was exercising ordinary care at the time of the accident should in some manner have been submitted to the jury.

In connection with this subject, and in view of the fact that a new trial must be had, it is certainly proper to call attention to the failure of the court to properly charge the jury upon the subject of contributory negligence, although, through failure to ask instruction, there may be no reversible error. The court, after charging that the negligence of the husband, if any, in driving, was imputable to the plaintiff, charged, in substance, that, although the husband may have known of the defect, still that does not make him necessarily negligent, as a matter of law, in passing over the road in its then condition; and that, "though he may have known something about this highway, it is for you to determine under all the evidence whether he was in the exercise of such [i. e., ordinary] care and prudence." These propositions are undoubtedly correct, but it is very apparent from the discussion of the question under the first head in this opinion that there should have been coupled with them the correlative ideas there suggested, namely, that, while previous knowledge of the defect does not necessarily charge the injured party or

the driver with negligence, it raises a presumption of negligence, which must be rebutted by evidence of circumstances showing a reasonable excuse for the lapse of memory resulting in the injury.

Another contention made by the appellant requires attention. There was a sharp dispute in the evidence upon the question whether any notice of the injury on behalf of *Matilde Petrich* was ever served upon the chairman of the town board, and this question was submitted to the jury in the fifth question of the verdict. In submitting this question the court charged the jury, among other things, as follows:

"The only thing you are to consider and determine is whether or not there was a notice served, signed *'Matilde Petrich.'* Mr. Chapin admits that he received one notice, signed 'Adolph Petrich,' but claims that he only received one; while the plaintiff claims, as testified to by Mr. Perry and Mr. Spengler, that two notices were served; and Mr. Spengler tells you the care with which he examined those notices, and put them up in an envelope, or something of that kind, and served it; that he served two notices upon Mr. Chapin, and also two upon the clerk of this town, and I think served also on some other parties in another town, not knowing, possibly, at the time, which town this road was in. Now, it is quite evident that there is some mistake about this somewhere. It does not necessarily follow that any one had committed perjury, or intentionally sworn falsely. The apparent character of these men is such that no doubt each one has testified in good faith concerning the fact that he has testified to. Some one is mistaken. It may be that in handling and caring for these papers that Mr. Chapin has accidentally dropped one of them. On the other hand, it may be that in serving these papers only one of them was served. It is a question of fact, and you are to answer whether or not a notice was served signed *'Matilde Petrich.'* The two witnesses testify to this fact. You will consider all the circumstances and all the evidence."

We think that in this instruction the trial court unintentionally invaded the province of the jury. It was for the jury alone to determine whether there was mere mistake or in-

tentional false swearing on the part of the witnesses who disputed each other. The jury could be properly told that it was their duty to harmonize the testimony, if possible, and that the theory of honest mistake should be adopted, if possible, rather than the theory of wilful false swearing; but the court went much farther in this instruction, and told the jury, in effect, that it was doubtless honest mistake, and not false swearing. He then suggests two theories upon which the difference in testimony might be accounted for on the basis of honest mistake, one favorable to the plaintiff and one favorable to the defendant, and says "it is a question of fact." Certainly, it would seem quite reasonable for a juryman to conclude under this charge that the court had decided that there was simply an honest mistake in the testimony, and that the only question for them to consider was which of the two accidents suggested in fact happened.

Other errors are alleged, but we have not discovered anything that seems to deserve special mention. The verdict seems to fairly cover the issues in the case, except for the omission already discussed at length in this opinion.

*By the Court.*—Judgment reversed, and action remanded for a new trial.