### John W. Donnelly, Administrator, v. Chicago City Railway Company.

#### Gen. No. 12,903.

1. RES GESTAE—*what not part of.* Groans and exclamations are not part of the *res gestae* and are incompetent.

2. CROSS-EXAMINATION—*what proper upon.* The cross-examiner is entitled to inquire with respect to all of the subject-matters of the direct examination.

3. IMPUTED NEGLIGENCE—*when doctrine of, does not apply.* The doctrine of imputed negligence does not apply as between a driver and his companion where the driver, with respect to whom the negligence is alleged, was not the agent of or controlled by such companion.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed February 1, 1907.

**Statement by the Court.** By this writ of error it is sought to reverse a judgment of the Circuit Court in favor of defendant in error in a suit brought against it by plaintiff in error to recover damages for personal injuries causing the death of Thomas C. Wren.

On March 29, 1897, the deceased, Thomas C. Wren, was employed as a driver of a hose carriage in the fire department of the city of Chicago, at a station on the corner of Fifty-third street and Wentworth avenue, and while riding on a hose carriage, or while driving, as some of the testimony tends to show, in attempting to pass two electric cars of the defendant in error, on Wentworth avenue, at a point about twenty-five feet south of Fifty-seventh street, a collision occurred between a north-bound car of the defendant in error and the hose carriage, by which the said Wren was thrown to the ground and received injuries from which he subsequently died. It is claimed that Wren's injuries and death were caused by the negligence of the defendant in error.

FRANK H. GRAHAM and HENRY S. WILCOX, for plaintiff in error.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for defendant in error; MASON B. STARRING, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

Counsel for plaintiff in error admit in their brief that there is a sharp conflict in the evidence upon the main facts of the case upon which liability depends, and do not seek a reversal on the evidence. It is contended, however, that many of the instructions given by the court are erroneous, and that the court erred in excluding certain evidence of groans and other involuntary exclamations of Wren, indicating suffering

by him, and in admitting evidence of insurance money paid by the fire department.

In our opinion the court did not err in excluding evidence of groans and exclamations of the deceased. They were not part of the *res gestae,* and were self-serving declarations and inadmissible upon the grounds stated in West C. St. R. R. Co. v. Kennelly, 170 Ill. 508; W. C. St. R. R. Co. v. Carr, 170 *id.* 478; Globe Accident Ins. Co. v. Gerisch, 163 *id.* 625.

In the direct examination of Mrs. Wren, plaintiff's counsel went into the question as to what property the deceased had accumulated at the time of his death. The witness was then asked: Q. "Did he have any other money invested in anything at the time of his death? A. No, sir. Q. Did he have any cash on hand? A. No, sir."

On cross-examination defendant's counsel asked: Q. "Was there any money paid him by the fire department after his death or to the estate?"

The court overruled plaintiff's objection to this question and permitted the witness to answer. We think the court did not err in thus ruling. Plaintiff's counsel made the evidence competent by his direct examination. It was legitimate cross-examination.

The testimony on the part of the plaintiff tended to show that Tobin was the captain of the hose company and Wren was subject to his orders; that Wren's regular duty was to drive the team of the hose carriage, and that he was the driver of the team on the occasion in question until they reached a point between Fifty-fifth street boulevard and Fifty-fourth street; and that Wren, desiring to put on his coat, and for the sole purpose of enabling him to do so, gave the reins to Tobin to drive for him, and before he had gotten his coat on and while Tobin was driving the collision occurred.

The testimony on the part of the defendant in error tended to show that Tobin and Wren were sitting in the front seat; that it was Wren's duty to drive,

and that he was in fact driving at the time of the collision; that Tobin and Wren were each especially charged with the duty of keeping a constant watch ahead to avoid collisions.

The court gave to the jury instruction numbered sixteen, which is as follows:

"'If you believe from the evidence and under the court's instructions that it was the duty of both said Tobin and Wren, and each of them, on the occasion in question and at the time and place in question, to keep a lookout to foresee and avoid accidents and collisions, and that they, or either of them, failed to use due care, caution, prudence and vigilance in that respect, and that their failure to do so proximately contributed to the accident and injury in question, then the plaintiff cannot recover.''

This instruction imputes to Wren the negligence of Tobin in failing to use due care, caution, prudence and vigilance "to keep a lookout to foresee and avoid accidents and collisions," and instructs the jury that such negligence of Tobin would prevent the plaintiff from recovering. Upon what principle or authority the negligence of Tobin can be imputed to Wren, under the facts of this case, is quite unintelligible to us. It may be conceded that under some circumstances, the negligence of one may be imputed to another, as where the wife places herself in the care of her husband and submits her personal safety to his keeping (City of Joliet v. Seward, 86 Ill. 402; and T., St. L. & K. C. R. R. Co. v. Crittenden, 42 Ill. App. 469); and where the son of the deceased was driving and the son's negligence was held to bar a recovery (Schron v. Staten Island I. E. R. Co., 45 N. Y. Supp. 124); and where the servant was driving and was negligent (L. N. A. & C. Ry. Co. v. Stommel, 126 Ind. 35); and where deceased and the driver were both in a state of intoxication (Titus v. New Scotland, 90 Hun. 468); and where the plaintiff and several other persons were riding in a private conveyance drawn by a horse which was driven

along the highway by one of the party and the negligence of the driver caused the accident (Otis v. Janesville, 47 Wis. 422). In each of these cases the driver whose negligence contributed to the injury was the agent of the party injured, and upon that ground his negligence was imputed to his principal. It is upon this principle that counsel for defendant in error seek to uphold this instruction. In our opinion that principle cannot be applied to this case for several reasons.

The evidence of the defendant in error tends to show that Wren, the deceased, was driving. If the jury found from the evidence that Wren was driving, and that he was exercising due care in his driving to keep a lookout and avoid accidents, then the failure of Tobin to discharge his duty in that respect under the circumstances shown by the record could not be imputed to Wren and defeat his right of recovery, as stated in the instruction, for Tobin was in no sense his agent, and the negligence of Tobin could not be Wren's negligence.

Tobin and Wren were both employes of the fire department of the city of Chicago. Tobin was the captain of the hose company, and Wren was the regular driver of the hose-carriage and was subject to the orders of Tobin. Each of them was especially charged with the duty of keeping a constant watch ahead to avoid collisions. Both were riding on the hose carriage in the regular pursuit of their respective duties as firemen in response to a fire alarm. Upon the theory that Tobin was driving temporarily at the time of the collision at the request of Wren while he was putting on his coat, as the evidence offered by the plaintiff in error tended to show, Tobin was not under the direction or control of Wren, and his negligence could not be imputed to Wren and bar his recovery. Chicago City Ry. Co. v. Wall, 93 Ill. App. 411; Landon v. C. & G. T. Ry. Co., 92 id. 216; West Chicago St. R. R. Co. v. Dedloff, 92 id. 547; Springfield Con. Ry. Co. v. Puntenney, 200 Ill. 9; C. & A. R. R. Co. v.

Vipond, Admr., 212 Ill. 199; Elyton Land Co. v. Mingea, 89 Ala. 521.

The instruction was, in our opinion, erroneous, and the court committed reversible error in giving it.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*