MARLOW, Respondent, vs. CITY OF FOND DU LAC, Appellant.

*November 13—December 7, 1909.*

*Municipal corporations: Injury from defect in street: Notice: Contrib-
utory negligence.*

1. Evidence that a mud hole nearly two feet deep, extending across
   the traveled track in a street, with an abrupt ascent at one end
   of about twenty inches where it joined the hard ground, had
   existed for years, and that before the accident frequent com-
   plaint thereof had been made to the street commissioner, is *held*
   to sustain a finding by the jury that the city had such notice of
   this condition that in the exercise of ordinary care it could
   have remedied the defect before the accident.
2. The question of plaintiff's contributory negligence in driving into
   a deep mud hole extending across the traveled track in a street
   is *held*, upon the evidence, to have been for the jury.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

*L. E. Lurvey,* for the appellant, cited, besides other cases,
*Schrunk v. St. Joseph,* 120 Wis. 223, 97 N. W. 946; 29 Cyc.
513; *Devine v. Fond du Lac,* 113 Wis. 61, 88 N. W. 913;
*Goldstein v. C., M. & St. P. R. Co.* 46 Wis. 404, 1 N. W. 37;
*Hausmann v. Madison,* 85 Wis. 187, 55 N. W. 167; *Fisher
v. Franklin,* 89 Wis. 42, 61 N. W. 80; *Collins v. Janesville,*
111 Wis. 348, 87 N. W. 241, 1087.

*O. H. Ecke* and *W. W. Hughes,* for the respondent, cited
*Jung v. Stevens Point,* 74 Wis. 547, 43 N. W. 513; *Luedke v.
Mukwa,* 90 Wis. 57, 62 N. W. 931; and other cases.

TIMLIN, J.   In this case the jury found: (1) That the
street at the time and place in question was not reasonably
safe for public use; (2) that the city had notice of this con-
dition for such time prior to plaintiff's injury that in the ex-
ercise of ordinary care it could have remedied the defect be-
fore the accident; (3) the condition of the street was the
proximate cause of the injury to the plaintiff; (4) there was

no want of ordinary care on the part of the plaintiff contrib- uting to his injury.

It is contended that there is no evidence to sustain the an- swer of the jury to the second question of the special verdict. The defect consisted of a mud hole or depression in the street from twenty to twenty-four inches deep, filled with soft mud to the top, and the hole extended entirely across the traveled track, and abruptly ascended at one end about twenty inches, where it joined the hard ground. This had existed for some years. When the mud was dry it formed no serious defect, but in very wet weather presented the condition of a depres- sion filled to the top, or nearly to the top, with soft mud, into which a wagon would sink to a depth of nearly two feet to the hard bottom, and in crossing it the vehicle would reach the abrupt ascent before mentioned. Before driving in one could not tell how deep it was, or whether there was any danger in driving through it, and a witness testified that he had made complaint about this mud hole to the street commissioner of the city very frequently before the accident in question. We consider this sufficient upon which to rest the second question of the special verdict.

The main contention of appellant is that the plaintiff was guilty of contributory negligence on the undisputed evidence and notwithstanding the verdict of the jury to the contrary. The evidence on this point is that the plaintiff had never driven upon this street before, and that on the day in ques- tion, while he and his wife were driving along this street with a gentle horse, the horse walking slowly, they came to this mud hole. The further testimony of the plaintiff is as fol- lows:

"Well, when we came there I saw a bad place there, a muddy place. And when I was pretty close on the north side of the road I stopped there, right close to that muddy place, and I told my wife it looked pretty bad—such a place—and she said: 'Yes; I think we better get out from the buggy.' I

said: 'No; we better stay in.' And I told her the other side looked just as bad; that we pass right in the center so the mud lay even with the road. . . . I thought it be more level there. . . . It looked pretty bad, but it didn't scare me. I wanted to make through. I thought it was at first all safe; that is the reason I passed. It looks pretty bad, but I didn't want to turn around and I passed through."

Another witness, more familiar with the place, testified that it was "an innocent looking mud hole to look at, looked like a mud puddle."

The question of contributory negligence is ordinarily one for the jury. Upon the authority of *Jung v. Stevens Point,* 74 Wis. 547, 43 N. W. 513, and *Luedke v. Mukwa,* 90 Wis. 57, 62 N. W. 931, we consider that on the evidence above quoted the question of plaintiff's contributory negligence in the instant case was for the jury. Finding no error in the proceedings below, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.