Per Curiam.

This case is similar to No. 4017, Ritter v. Idler, decided by us at this term, but the triad court dismissed this case at plaintiff’s cost upon other grounds than those which controlled in No. 4017. In the present case the court dismissed the complaint before any opportunity had been given to the plaintiff Tempel to prove the agency of Bane. The contract in the instant case was between Bane and Tempel, and was substantially the same as the contract in No'. 4017, except that Ritter was the vendee in that case while Tempel is the vendee in the presnt case. On the trial plaintiff Tempel, after introducing the contract between himself and Bane, introduced a warranty deed running from Idler to himself and his wife jointly. Upon the introduction - of this deed the defendant objected to the introduction of further testimony on the part of the plaintiff, and askedi that the case be dismissed on the ground of non-joinder of parties plaintiff. It seems to' have 'been the view of the trial judge that simply because the deed ran to Tempel and his wife jointly therefore the wife was an indispensable party plaintiff. In this we arte persuaded the *563 trial court erred. The wife was not a party to the written contract of purchase and sale. That was between Bane and Tempel alone. The plaintiff offered to- prove that he was the only party in interest in the preliminary contract of purchase and sale; .that he had paid the entire consideration 'for the purchase price of the property; that he did not act as the agent for his wife in the purchase of the land; that his wife was not present when the alleged false representations concerning the water rights and land were made; that said representations were never made or communicated to her, and that “she was and is ignorant of all of said representations.” This offer of proof was refused. If he could have proven these facts, then clearly Mrs. Tempel never did have any right of action against Bane or against his principal Idler (if it be conceded that Bane was Idler’s agent), based on false representations. — Tyson v. Rainey, 89 Wis. 518, 61 N. W. 563, 62 N. W. Rep. 931.
Notwithstanding the fact that the plaintiff in Ritter v. Idler, No. 4017, (the opinion in which we have just handed down), failed to prove that Bane was Idler’s agent, it does not follow that in the present case such agency might not have been established by competent proof. Indeed, in the present case the record shows that the plaintiff offered to prove by the witness Bane that in said transaction he, Bane, acted as the agent of defendant Idler; that said property had been listed for sale by the said defendant with Bane as agent; and that Bane was paid a commission by the defendant Idler for the sale of the property referred to herein. This was competent evidence to establish the agency of Bane. — Wales v. Mower, 44 Colo. 146,-at p. 151 et seq., 96 Pac. 971
As we pointed out in the Ritter case, no such proof was offered on the trial of that case.
For the reasons given the judgment of. the trial court is reversed and the case is remanded for further proceedings in conformity with the views herein expressed.

Reversed and Remanded.