SCHMIDT, Appellant, vs. TOWN OF FRANKLIN, Respondent.

*October 3—October 24, 1916.*

*Highways: Injuries from defects: Contributory negligence: Questions*
*for jury.*

1. A person knowing the defective condition of a highway may never-
   theless use it, even after dark, without being guilty of contribu-
   tory negligence as a matter of law.
2. Contributory negligence is a defense which must be affirmatively
   established, and the question is ordinarily one for the jury.
3. Whether a woman who, while traveling over a highway which she
   knew was defective, was thrown from the seat on top of a high
   wagon box when the wheels of the wagon suddenly plunged into
   a hole, was guilty of contributory negligence in using such seat,
   is *held* to have been a question for the jury, it appearing that the
   seat was the ordinary one used on wagons of like character.
4. The whole question of contributory negligence in such case was
   for the jury, there being conflicting evidence from which differ-
   ent inferences might be drawn.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an action to recover damages for injuries alleged to
have been caused by a defective highway in the defendant
town.    The complaint charges that on November 26, 1912,
at about 6 p. m., while plaintiff and her daughter were riding
in a farm wagon drawn by two horses over the highway in
question, the wheels of the wagon suddenly plunged into a
hole or depression in the traveled part of the road with such
force as to throw plaintiff from the seat to the ground; that
the defective condition of the highway existed for several
months prior to said date and was known to defendant town
and its officers.    By its answer defendant denied liability
and alleged carelessness and negligence on the part of plaint-
iff.    The case was tried originally in the civil court of Mil-
waukee county, where a jury by special verdict found in favor
of the plaintiff and assessed her damages at $2,000, and judg-

ment was entered in accordance therewith. From this judgment the defendant appealed to the circuit court, where an order was entered setting aside and vacating the verdict and the judgment of the civil court and granting a new trial in the circuit court, and from this order plaintiff appeals.

*Albert M. Kelly,* for the appellant.

For the respondent there was a brief by *Schmitz, Wild & Gross,* and oral argument by *Robert Wild.*

ROSENBERRY, J. The circuit court ordered a new trial on the ground that the contributory negligence of the plaintiff was established as a matter of law.

If there was credible evidence which supported the verdict of the jury the circuit court was clearly wrong in setting aside the judgment and granting a new trial. It was established beyond controversy that the highway in question had been out of repair and insufficient for so long a time as to charge the defendant town with notice of the defects. On the part of the plaintiff there was evidence which tended to show that the road was generally insufficient and out of repair, not only at the point where the accident occurred, but from eighty to one hundred rods on either side; that the mudhole in question was from three to five feet long, three to five feet wide, and from sixteen to twenty inches in depth in the center of the highway, and was one of a series of mudholes of varying sizes; that at the time of the accident it was dark; and that plaintiff was riding on an ordinary lumber wagon having a seat on a top box. There is nothing to show that a traveler passing along the highway could by any observation made from his vehicle determine the depth of the hole. The driver testified that she observed the defective condition of the highway in the morning and had it in mind when returning in the evening. The accident was caused by the front wheel of the wagon dropping into the hole, which resulted in throwing plaintiff to the ground. The road was described as a very bad piece of road with deep holes; some of the wit-

nesses testified that it was practically impossible to avoid them even in the daytime; and on the part of the defendant there was testimony tending to minimize the defects.

One knowing the defective condition of a highway may nevertheless use such highway, even after dark, without being guilty of contributory negligence as a matter of law. *Hart v. Red Cedar,* 63 Wis. 634, 24 N. W. 410; *Spearbracker v. Larrabee,* 64 Wis. 573, 25 N. W. 555; *Petrich v. Union,* 117 Wis. 46, 93 N. W. 819; *Luedke v. Mukwa,* 90 Wis. 57, 62 N. W. 931.

It is claimed also that plaintiff was guilty of contributory negligence in that she rode on the top of a high wagon box and that the seat was not one proper to be used under such circumstances. It appearing that it was the ordinary seat used on wagons of like character, under former decisions of this court this question was also for the jury. *Jennings v. Albion,* 90 Wis. 22, 62 N. W. 926; *Hammond v. Mukwa,* 40 Wis. 35; *Petrich v. Union, supra.*

Plaintiff not being guilty of contributory negligence in using the highway, although it was known to be defective, the question of whether or not under all the facts and circumstances she was guilty of contributory negligence was clearly one for the jury. Contributory negligence is a defense which must be affirmatively established, and ordinarily is a question for the jury. *Marlow v. Fond du Lac,* 141 Wis. 74, 123 N. W. 627, and cases cited *supra.*

Plaintiff not being guilty of contributory negligence as a matter of law, and there being conflicting evidence from which different inferences might be drawn, the question was properly submitted to the jury by the civil court, with full instructions as to the duty of the plaintiff and her daughter who was driving at the time of the accident. The fact that the driver gave her full attention to her driving and that her attention was not diverted was one fact among others which the jury was required to take into consideration in determining the question of contributory negligence. In this case the

defect was not of such a character that one in the exercise of the usual powers of observation must have seen and therefore have avoided it. A mere inspection did not disclose its dangerous character, therefore the rule as to momentary diversion of the attention had no application. Cases cited.

In *Petrich v. Union,* 117 Wis. 46, ,93 N. W. 819, it was said that it was for the jury to say whether or not the plaintiff was guilty of contributory negligence because she did not keep in mind the defective condition of the highway. If it may be negligence not to have it in mind, it certainly cannot be negligence as a matter of law to have it fully in mind. The degree of care must be commensurate with the risks taken. The whole question in this case was clearly for the jury. The jury having found that plaintiff was not guilty of contributory negligence, and there being credible evidence to support the finding, the verdict should have been allowed to stand.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to enter judgment affirming the judgment of the civil court.

ESCHWEILER, J., took no part.