HAKES, Respondent, vs. TOWN OF PINE GROVE, Appellant.

*April 2—April 29, 1919.*

*Highways: Injuries from defects: Contributory negligence: Questions for jury: Special verdict.*

1. One knowing the defective condition of a highway may nevertheless use it, even after dark, without being guilty of contributory negligence as a matter of law.
2. The evidence in this case—showing or tending to show, among other things, that while plaintiff was driving at dusk upon a highway which was defective by reason of stumps and roots therein, unevenness of the ground, and the zigzag course of the traveled track and its proximity to a fence, his wagon struck a stump and he was thrown to the ground and injured; that he was at the time standing on one side of a hayrack, over the front wheel, so as to be able better to see the course of the track and the stumps and obstructions; and that the horses were walking slowly—is *held* not to show contributory negligence as a matter of law.    *Nicks v. Marshall,* 24 Wis. 139, and *Raymond v. Sauk Co.* 167 Wis. 125, distinguished.
3. Even if there was another traveled track within the limits of the highway it was not contributory negligence as a matter of law for plaintiff to use the regularly traveled track at the place of the accident; and it was not prejudicial error to refuse to submit in the special verdict questions as to whether the town

had provided another and reasonably safe track for public travel within the limits of the highway, especially as the great weight of evidence showed that there was no such track and, under the charge of the court, the jury so found, in effect, in answering another question.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries sustained by plaintiff on October 21, 1916, while traveling on a public highway in defendant town.

The complaint alleged a defective highway on account of stumps and roots of trees in the traveled track such as to render the highway defective. Defendant denied liability. The court answered the first and second questions of the special verdict "Yes," which found that plaintiff was injured and that the highway was insufficient for public travel.

The other questions in the special verdict the jury found as follows: (3) insufficient condition of the highway was the proximate cause of the injury; (4) that the officers of defendant town did not employ plaintiff to blast stumps out of the highway at the point in question; (5) that plaintiff's hired man did not plow up the traveled track which extended north and south directly east of the place where the plaintiff was injured and within the three-rod limit of the highway; (6) that there was no want of ordinary care on the part of the plaintiff which proximately contributed to his injury; (7) that the damage sustained was $5,000.

A motion for a nonsuit and several other motions were made by defendant and overruled and judgment entered for plaintiff on the verdict, from which this appeal was taken.

For the appellant there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher.*

For the respondent there was a brief by *Walter D. Corrigan* of Milwaukee and *Buchanan Johnson* of Plainfield, and oral argument by *Mr. Corrigan.*

KERWIN, J.    The appellant contends that a nonsuit should have been granted on the ground that the evidence showed the plaintiff guilty of contributory negligence as a matter of law.    This contention is based upon the idea that the plaintiff was familiar with the highway at the point of accident and placed himself in a dangerous position upon the wagon and drove in a careless manner, causing the injury complained of.

The defects in the highway consisted of stumps, roots of trees, unevenness of the ground, and the crooked, zigzag course of the traveled track and close proximity of the traveled track to the highway fence.    The stump which caused the accident was about twelve inches high and stood within about four inches of the wheel track made by wagons driven over the highway.    The plaintiff at the time of the accident was driving a team hitched to a lumber wagon with a hayrack on and was standing on the left side of the hayrack over the front wheel and bracing himself by holding on to the lines. The evidence tends to show that plaintiff took his position standing on the hayrack so as to be able to see the course of the track and stumps and obstructions in the highway and better avoid contact with obstructions and more safely drive along the traveled track.    The evidence further tends to show that on account of the obstructions and crooked and zigzag condition of the traveled track it required great care to safely drive along it without coming in contact with the stumps, and that plaintiff stood upon the hayrack so as to be able to better guide his team than he could if standing on the board in the middle or bed of the wagon or sitting down. The plaintiff had driven to see a farmer named Young on a business matter and was returning home at about dusk.

The plaintiff testified:

"It is an awful stumpy place there, and the road, the main traveled track, all the track there was, went close to the fence, and I had to drive careful in order to get through; to note the stumps and situation of the road and how it was.    The traveled track run on the west side of the road.    I got through

all right going to Mr. Young's. I noticed that it was close to get through, but I went through. My wheels struck roots going over to Mr. Young's; you couldn't drive no other way but what they would, because the roots slanted, from the stump; slanted just like that (witness indicates); lay along. There were four stumps right there—three that was right there close, right close to the track."

The plaintiff also testified that at the time of the injury it was not "completely dark," but that he could not see dark objects next to the ground very easily.

"I was standing braced with my feet. When I got where those stumps were that I have told you about and where I was finally hurt I was walking the team. When I got to that place I was driving south, right close up to the stumps; and I was guarding to get through as near as possible as I could to get through right, and struck the stump, and it throwed me instantly. That was the last thing I knew till I came to."

The evidence tends to show that plaintiff knew of the defect in the highway and made an effort to pass over it carefully, thoughtfully, and prudently with intent to avoid the danger; that he drove the way he always did under such circumstances; that he brought the horses to a slow walk and was using all the care he could to avoid the accident.

As observed by the trial judge in the court below, most of the persons on the jury were farmers and were entitled to use their knowledge as to whether the plaintiff was guilty of negligence in taking the position he did in standing upon the hayrack. One knowing the defective condition of a highway may nevertheless use it, even after dark, without being guilty of contributory negligence as matter of law. *Hart v. Red Cedar,* 63 Wis. 634, 24 N. W. 410; *Petrich v. Union,* 117 Wis. 46, 93 N. W. 819; *Luedke v. Mukwa,* 90 Wis. 57, 62 N. W. 931; *Coppins v. Jefferson,* 126 Wis. 578, 105 N. W. 1078.

The learned trial judge rendered an opinion which is in the record, and held that the evidence did not show that

plaintiff was guilty of contributory negligence as matter of law. We cannot say that the court below was wrong in denying the motion for a nonsuit or refusing to change the answers of the jury in the special verdict.

It is argued that a new trial should have been granted because the court refused to submit to the jury as part of the special verdict the following questions:

"Did the defendant provide a track for public travel within the limits of the highway east of the point where the accident in question happened?

"If you answer the last question 'Yes,' then answer this question: Was such traveled track reasonably safe for public use?"

There was no prejudicial error in refusing to submit these questions. Even if there was another traveled track within the limits of the highway east of the point of accident it was not contributory negligence as a matter of law, under the evidence, for the plaintiff to use the regularly traveled track within the limits of the highway where the accident happened. Moreover, the great weight of the evidence showed that there was no traveled track east of the point where the accident occurred. Besides, the matter was fully covered by the verdict submitted when taken in connection with the charge. The contention of the appellant was that there was a traveled way east of the place where plaintiff was injured and within the limits of the highway.

The court charged the jury respecting question 5, "Did the plaintiff's hired man plow up a traveled way which extended north and south directly east of the place where the plaintiff was injured and within the three-rod limit?"

"The town claims and contends that in 1915 there was a way or road prepared in the three-rod limits of the highway east of the fence which then was standing in the center line of the highway; that this was cleared to make a safe road for the man who was driving the milk wagon, and extended up north of the place where the accident happened; and that the plaintiff's hired man plowed it up. The plaintiff denies that

Hakes v. Pine Grove, 169 Wis. 214.

there was a way east of the one he traveled on at the place where he was injured. He claims that there was a way down south of the place where he was injured which was east of the track he was traveling on; but he claims that this way came into the way he was traveling on some six to ten rods south of the place where he was injured. If you are convinced by the preponderance of evidence that the town's contention is true, answer the question 'Yes.' If not so convinced, answer the question 'No.'"

Counsel for appellant relies upon *Nicks v. Marshall*, 24 Wis. 139; *Raymond v. Sauk Co.* 167 Wis. 125, 166 N. W. 29; and other cases in this court. An examination of the cases relied upon by counsel for appellant will show that they are readily distinguishable from the case at bar.

In *Nicks v. Marshall, supra,* the court held that the plaintiff placed himself "in the worst possible position to see approaching danger." In the instant case the evidence tends to show that plaintiff took pains to place himself in the best position to see the danger and avoid it. In *Raymond v. Sauk Co., supra,* the plaintiff, seeing the danger, deliberately ran his auto into it. In the cases relied upon by appellant the distinction is drawn between such cases and the case at bar. In 167 Wis. 125, 166 N. W. 29, the court said:

"A traveler may pass upon such a highway while knowing that it is in some respects defective, if nevertheless he exercises ordinary care in the use of such highway in view of its defective condition, and such use is not of itself, as a matter of law, contributory negligence," citing *Schmidt v. Franklin,* 164 Wis. 128, 159 N. W. 724, and *Jenewein v. Irving,* 122 Wis. 228, 99 N. W. 346, 903.

The plaintiff drove over the road safely in going to Young's place and the jury was entitled to find that he believed and had a right to believe he could pass over it safely in returning in the exercise of due care.

We are convinced that no prejudicial error was committed on the trial and that the judgment below is right and should be affirmed.

*By the Court.*—The judgment is affirmed.